Daniel Bodkin *v.* T. J. Merhew ·et al.

**Injunction—Removal of Timber.**

> A party held entitled to injunctive relief to prevent another from cutting and carrying away timber on land purchased by plaintiff and to which he has acquired the legal title, as against an equitable owner of the land.

APPEAL FROM BALLARD CIRCUIT COURT.

March 4, 1874.

Opinion by Judge Pryor:

The agent, Moore, of Mrs. Maxey,. had her written authority to sell the tract of land on which the timber in controversy stood. Bodkin made a definite proposition to purchase through this agent, which Mrs. Maxey declined to accept, but in response thereto made a written proposition to Bodkin through his agent, as to the terms upon which he could become the owner. Bodkin, on the 23d of June, 1870, accepted the terms made by Mrs. Maxey, and the sale was on that day concluded between the agent and Bodkin. Moore was the agent of both parties with reference to these proposals, and Bodkin's acceptance in parol of the terms offered, made it a binding contract, and such as he could have enforced in a court of equity, if the terms were sufficiently explicit so that the chancellor could have ascertained the price to be paid and the land that was sold.

It is unnecessary, however, to determine the effect of the title, as the witness and agent state that this contract was afterwards reduced to writing upon the terms contained in the proposal of the 23d of June. The parol contract was not only made, but made perfect and complete by the execution of the bond in August and a deed shortly afterwards. The parol agreement, if it can be designated as such, was binding on Mrs. Maxey unless she saw proper to rely on the statute of frauds to avoid its performance on her part. This she never attempted, but executed a deed in accordance with it. Conceding, then, that the contract was in parol, no one but the vendor could have relied on the statute or asserted such a defense in her behalf.

In the case of Bohannon v. Pace & Rowland, 6 Dana 194, the question was directly in issue, and the court said that when the vendor confesses and is willing to abide its terms, no other has a

right to object.   The vendee was then vested with such a title as enabled him to institute an action to prevent waste upon the premises he had purchased.   The agent of Mrs. Maxey informed Bradley as early as the 1st of July that he had sold the land to Bodkin, and after that Bradley notified Merhew that he ought to mark the trees.   Mitchell, the witness of Merhew, says that he heard Bodkin tell Merhew that he had purchased the land, and that after this, he (the witness) made a careful examination of the trees and found no marks.   This examination was made not only as to the trees that were cut, but also the trees standing.   The whole evidence indicates clearly that this marking was an afterthought, and done for the purpose of asserting a claim to the trees as against Bodkin.   In this contract between the equitable owners, one who had an equity when his action was instituted, afterwards acquiring the legal title, who claims the right only to enforce an alleged executory contract for the purchase of timber standing on the land, the chancellor cannot refuse the relief sought by the petition.

The judgment of the court below is reversed and cause remanded with directions to enter an order restraining the appellee from cutting or carrying away the timber on the land sold to the appellant by Mrs. Maxey, and for further proceedings consistent herewith.

Judge Lindsay not sitting.

*E. I. Bullock, for appellant.*

*Briggs & Bishop, for appellees.*